

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GREGORY J.O. ACCARINO**
*Senior Counsel*
phone: (212) 356-1945
gaccari@law.nyc.gov

February 4, 2026

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2026

*[handwritten]* 2/4/2026
Ok, conference adjourned.
Extension granted.

*[signature]* Colleen McMahon

Re:    Fabian Coke v. City of New York, et al.
       25 Civ. 10391 (CM)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request (1) that the Court adjourn the February 12, 2026 Initial Conference, until a date convenient for the Court following the conclusion of the deadlines set forth in Local Civil Rule 83.10 ("the § 1983 Plan"), and (2) a corresponding adjournment of the February 10, 2026 deadline for the parties to file a civil case management plan. This is defendant City's first such request and it does not affect any other Court deadlines. Plaintiff's counsel does not object to this request.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the City of New York and New York City Police Department ("NYPD") Detective Gregory Mullarkey, alleging federal claims of, *inter alia*, malicious prosecution, fabrication of evidence, withholding of exculpatory evidence, and municipal (*Monell*) liability, as well as a claim of malicious prosecution under New York state law and violations of the New York City Administrative Code, stemming from plaintiff's conviction on August 2, 2017, after a jury trial, for second-degree murder and second-degree criminal possession of a weapon, that was subsequently vacated by the New York Appellate Division, Second Department on March 6, 2025. *See* Dkt. No. 1, Complaint, December 15, 2025.

On December 16, 2025, Your Honor issued an Order scheduling an Initial Pretrial Conference for February 12, 2026 at 10:30 a.m., and set a January 15, 2026 deadline for the parties to submit a civil case management plan, which was subsequently extended to February 10, 2026. *See* Dkt. No. 7, Order Scheduling an Initial Pretrial Conference, December 16, 2025; Dkt. No. 14, Order, January 14, 2026.

However, after Your Honor scheduled the Initial Pretrial Conference and set a deadline for the parties to submit a case management plan, this case was designated to participate in the § 1983 Plan, and follow the § 1983 Plan's deadlines. *See* Dkt. Entry, Notice, December 19, 2025.

With respect to the request for an adjournment of February 12, 2026 Initial Conference and the February 10, 2026 deadline for the parties to submit a civil case management plan, this request is made to allow this case to first proceed through the steps set out in the § 1983 Plan, which is designed to facilitate early resolution of matters.

Furthermore, in accordance with the § 1983 Plan, because defendant City was served with the Complaint and an unsealing release on December 23, 2025, defendants City's deadline to answer or otherwise respond to the Complaint is March 13, 2026. *See* Dkt. No. 11, Summons Returned Executed, December 29, 2025. Because the deadline for defendant City to answer or otherwise respond to the Complaint is March 13, 2026, almost one month after the scheduled February 12, 2026 Initial Conference and February 10, 2026 deadline to submit a civil case management plan, and because the undersigned has recently been assigned to this matter and has not yet received relevant documents, it is unlikely that I will be in a position to participate in a productive Initial Conference by February 12, 2026, given the time it will take to obtain and review relevant documents and contact and speak with relevant witnesses. As a result, defendant City will be unable to meaningfully discuss, *inter alia*, a proposed discovery schedule or defendant City's settlement position by that time, and therefore respectfully requests an adjournment of the Initial Conference and deadline to submit a civil case management plan until after the conclusion of the deadlines set forth in the § 1983 Plan to allow defendant City to fully instigate and evaluate plaintiff's claims, and see if the parties can come to an early resolution without the need for Court intervention or involvement.

Accordingly, defendant City respectfully requests, without objection from plaintiff, (1) that the Court adjourn the February 12, 2026 Initial Conference, until a date convenient for the Court following the conclusion of the deadlines set forth in the § 1983 Plan, and (2) a corresponding adjournment of the February 10, 2026 deadline for the parties to file a civil case management plan.

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

*/s/ Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc:    **By ECF**
       Jacob Loup
       Joel Rudin
       *Attorneys for Plaintiff*

2